IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WESLEY J. SHELTON,

        Plaintiff,

                                  CIVIL ACTION
   vs.                             No. 11-3101-SAC

HARPER COUNTY SHERIFF'S DEPARTMENT,
et al.,


        Defendants.


**MEMORANDUM AND ORDER**

    This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while detained in the Leavenworth Detention Center in Leavenworth, Kansas. He proceeds pro se and seeks leave to proceed in forma pauperis and the appointment of counsel.

    Plaintiff's motion to proceed in forma pauperis is granted. Because the information supplied by plaintiff's custodian shows that he has no assets, the court does not impose an initial partial filing fee. Plaintiff is advised that he will be required to pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b)(2).[1]

---

[1] The Finance Office of the facility where plaintiff is incarcerated will be directed by a copy of this order to

Plaintiff's request for the appointment of counsel is denied. A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991). Because, as set forth below, the complaint must be amended before additional screening can be done, the court declines to appoint counsel at this time. The court will deny the motion for counsel without prejudice, and plaintiff may renew his motion.

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege the violation of a right secured by the

---

collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). A party proceeding pro se must set forth specific acts or omissions concerning the claims asserted, and vague, unsupported, and conclusory allegations are insufficient to state a claim for relief. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)(a party proceeding pro se must allege sufficient facts concerning material events).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir.1997) (citing *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir.1996)).

Here, plaintiff alleges he was subjected to excessive force by the Harper County Sheriff's Department and sustained a serious personal injury. However, the plaintiff does not explain where and when the events occurred, how he was injured, nor how each of the named defendants participated in the events. Accordingly, the court will direct the plaintiff to amend the complaint to provide specific factual support for his claims.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall commence as set forth in this order and shall continue until plaintiff satisfies the full $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff is granted to and including July 15, 2011, to submit an amended complaint as directed in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 15th day of June, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge