IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY J. SHELTON,**

                **Plaintiff,**

     v.                                      CASE NO. 11-3101-SAC

**HARPER COUNTY SHERIFF'S DEPARTMENT,
et al.,**

                **Defendants.**

**ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an incarcerated person. Plaintiff proceeds pro se and in forma pauperis. By an earlier order, the court identified certain deficiencies in the complaint and granted plaintiff time to submit an amended complaint. Plaintiff filed a response (Doc. 7) and later filed a motion to add and amend complaint (Doc. 10).

    Plaintiff's original complaint alleges he was subjected to excessive force incident to his arrest, and his response explains that the arrest occurred on March 9, 2010, in a residence in Attica, Kansas. The response states that the arrest was executed by three unnamed officers who announced themselves as "Sherriff's Department" before shooting plaintiff with a tazer. (Doc. 9, p. 2.) Plaintiff states he fell to the floor, where officers handcuffed him and picked him up. Plaintiff experienced pain in his right shoulder, and officers placed him back on the floor in response to that complaint, then picked him up more gently and took him outside to wait for an

ambulance. The officers refused to move his handcuffs on the front of his body.

In plaintiff's motion to add and amend (Doc. 10), he moves to increase the amount of damages sought, requests a jury trial, and asks that Kansas State Trooper Winters, Officer Brad Moore, and two unknown officers be added to the complaint. Finally, plaintiff identifies Greg Schnied as a witness to the arrest.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his pleadings once as a matter of course. The court will allow plaintiff's motion to the extent he increases his request for damages and adds a request for a jury trial.

However, to the extent plaintiff seeks to add defendants, plaintiff must allege personal participation by each defendant to an action brought pursuant to 42 U.S.C. § 1983. "Personal participation is an essential allegation in a Section 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(citations omitted). *See also Fogarty v. Gallegos*, 523 F3d 1147 (10th Cir. 2008)(individual liability in action under § 1983 requires defendant's personal involvement in the alleged violation). Because plaintiff has not identified any such involvement by the persons he seeks to add as defendants, the court will deny that portion of his request without prejudice. Plaintiff may supplement the motion to add an explanation of the specific factual basis supporting the inclusion of each defendant, and the court will reconsider the proposed amendment.

Next, the court takes notice that plaintiff entered a guilty

2

plea in the federal criminal action against him.[1] As part of the plea agreement, plaintiff accepted the following provision:

> **13. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed here including the length and conditions of supervised relief. [....]

The court will direct plaintiff to show cause why this provision does not bar the present civil rights action.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to add and amend (Doc. 10) is granted in part and denied, without prejudice, in part.

IT IS FURTHER ORDERED plaintiff is granted to and including September 24, 2012, to explain the personal involvement of each defendant he seeks to add and to show cause why the waiver provision in the plea agreement does not bar this matter. The failure to file a timely response may result in the dismissal of this action without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

---

[1] Case No. 09-cr-10132-EFM.

3

**IT IS SO ORDERED.**

DATED: This 24th day of August, 2012, at Topeka, Kansas.

                                         S/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge