IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY J. SHELTON,**

            **Plaintiff,**

    v.                              CASE NO. 11-3101-SAC

**HARPER COUNTY SHERIFF'S DEPARTMENT, et al.,**

            **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in federal custody, alleges he was subjected to excessive force during his arrest by officers of the Harper County Sheriff's Department. He names as defendants the Sheriff's Department, Undersheriff Tracy Chance, and Deputy Kenneth Hobson.

The court has examined the pleadings and concludes a response is necessary to ensure the proper resolution of plaintiff's claim.

Also before the court are plaintiff's motions for the return of property (Doc. 11) and his motion for the appointment of counsel (Doc. 19).

*The motion for return of property*

Plaintiff brings this motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. He seeks the return of property, including a truck, tools, electronics, and money.

Rule 41(g) provides as follows:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of

property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Plaintiff makes no supporting factual allegations, and it is unclear whether he believes the property in question was taken by the county officers who are the named defendants to this action or whether he believes the property was seized by federal officers.

Plaintiff has not named any federal officer as a defendant, and if his contention is that federal authorities are in possession of the property, he must file a motion pursuant to Rule 41(g) in the federal criminal action. *See U.S. v. Christy*, 883 F.Supp. 2d 1040, 1052 (D.N.M. 2012)("Sometimes, it is more efficient to permit a criminal defendant to seek civil relief in a criminal case, such as when a prisoner seeks the return of property seized from him under rule 41 of the Federal Rules of Criminal Procedure.")

If, however, plaintiff's contention is that the defendant county officials seized the property, he must pursue state court remedies.

In *United States v. Copeman*, 458 F.3d 1070 (10th Cir. 2006), the Tenth Circuit states:

> [T]here are some limited circumstances under which [Rule 41(g)] can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity. *Copeman*, 458 F.3d at

1071.

However, "[w]hen state avenues of relief are open to the movant, he cannot show an inadequate remedy at law." *Id*. at 1073 (internal quotation and punctuation omitted). It is clear that remedies exist under state law, including an action for replevin pursuant to K.S.A. 60-1005. This section expressly provides a remedy to recover personal property that is in the custody of an officer as a result of legal process. *See* K.S.A. 60-1005(c)("If the property the possession of which is sought is in the custody of an officer under any legal process it shall nevertheless be subject to replevin under this section….") Likewise, plaintiff may have state court remedies under the Kansas Tort Claims Act or for conversion. In sum, the court finds that plaintiff has adequate state law remedies and may not proceed against the defendants in this action under Rule 41(g). Accordingly, the motion will be denied.

*The motion to appoint counsel*

A party to a civil action has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Under the in forma pauperis statute, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). The appointment of counsel is a matter within the discretion of the court, and the court should consider factors including the merits of the matter, the complexity of the factual and legal issues presented, and the movant's ability to present the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The court has considered the record and finds the appointment of counsel is not warranted at this stage of the matter. The issues do not appear to be unusually complex, and plaintiff is able to explain the factual and legal bases for his claims. Accordingly, the court will deny the motion to appoint counsel but will reconsider this request if the record develops to a stage in which the appointment of counsel is required.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for return of property (Doc. 11) is denied.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 19) is denied.

IT IS FURTHER ORDERED the clerk of the court shall issue summons to the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 26th day of March, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge