IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY J. SHELTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARPER COUNTY SHERIFF'S )<br>DEPARTMENT, ET AL. )<br>)<br>)<br>Defendants. )<br>_____) | Case No. 11-3101-KHV-TJJ |

MEMORANDUM ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court has, with the agreement of the parties and counsel, set a settlement conference on **January 29, 2015 at 1:00 p.m.** in Room 406, U.S. Courthouse, 401 N. Market, Wichita, Kansas, before Magistrate Judge Kenneth G. Gale. That conference is to be limited to attempts to settle all claims of Plaintiff against Defendants Harper County Sheriff's Department, Tracy Chance, and Kenneth Hobson.

The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, and the magistrate judge of every aspect of the lawsuit bearing on its settlement value, thus permitting the magistrate judge to privately express his or her views concerning the actual dollar settlement value or other reasonable basis for disposition of the case. Because the plaintiff is appearing pro se, he has been advised that the magistrate judge is not allowed to give him legal advice, and any view which the magistrate judge may express during the settlement conference as to the merits of any claim or defense in this case, or as to the settlement value of any claim, is only the magistrate judge's view as a facilitator of the

settlement conference and is not legal advice to the Plaintiff or a legal ruling in this case on any issues.

The format of the settlement conference is essentially as follows:

1. In advance of the hearing, parties or counsel may but are not required to, submit a settlement conference statement, setting out the factual or legal issues and relief requested. The statement is <u>not</u> to be filed as a part of the record in this case.

2. An attorney responsible for the trial of the case and a person having actual settlement authority <u>will be present at the conference</u>. The court may require that other representatives be telephonically available.

3. The parties, their representatives, and attorney are expected to be completely candid with the magistrate judge so that he may properly guide settlement discussions.

4. The magistrate judge is at liberty to converse with the lawyers and their clients outside the hearing of the adverse parties.

5. Neither the settlement conference statements nor communications during the settlement conference with the magistrate judge can be used by either party in the trial of the case. The magistrate judge will not communicate to the trial judge the confidences of the conference except to advise as to whether or not the case has been settled. The parties are advised, however, that if a settlement is reached at the conference, but one party later alleges that no such settlement was reached, the magistrate judge may be called to testify in the event a motion to compel compliance with the alleged settlement is filed in this court, but such testimony will normally be limited to whether a settlement was reached and the terms of that

      settlement.

IT IS SO ORDERED this 14th day of January, 2015.

                                                          s/ KENNETH G. GALE
                                                        U.S. MAGISTRATE JUDGE